

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Leo J. Wise*
*Assistant United States Attorney*
*Leo.Wise@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4909*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

April 24, 2014

C. Justin Brown, Esq.
231 E. Baltimore Street
Suite 1102
Baltimore, MD 21202

      Re:    United States v. Richard Wright — ELH-14-0208

Dear Counsel:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by May 2, 2014, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to waive indictment and plead guilty to Count Two of the Indictment charging him with bribery, in violation of 18 U.S.C. § 201. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

   a. First, that the Defendant, from on or about October 2007 to August 2013, demanded, sought or received or agreed to receive something of value;

   b. Second, that at that time the Defendant was then a public official by virtue of his being the manager of a post office; and

   c. Third, that the Defendant did so with the corrupt intent to be influenced in the performance of an official act or to commit a fraud on the United States or to perform acts in violation of his lawful duty.

## Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: a 15 year term of incarceration, 5 years of supervised release and a fine of $250,000 or a fine that is not more than three times the monetary equivalent of the thing of value the defendant received, whichever is greater, and the defendant may be disqualified from holding any office of honor, trust or profit under the United States. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the

---

[1] Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.  If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.  The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.  If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

i.  The Defendant recognizes that if he/she is not a citizen of the United States, pleading guilty may have consequences with respect to his/her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his/her attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

   a.  Base Offense Level
       § 2C1.1(a)(1)                                           14

   b.  Specific Offense Characteristics
       § 2C1.1(b)(1) (> 1 bribe)                               +2
       § 2C1.1(b)(2) referencing § 2B1.1(G) (>$200,000)        +12

       **Subtotal**                                            **28**

   This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention§ to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

   **Accordingly, the ANTICIPATED adjusted offense level is        25**

7. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

4

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute. The Defendant has reserved the right to argue for any factor under 18 U.S.C. 3553(a) that could take the sentence outside of the advisory guidelines range. This Office reserves the right to dispute any facts or arguments made by the Defendant related to 18 U.S.C. 3553(a).

### Obligations of the United States Attorney's Office

9. At the time of sentencing, this Office will recommend a sentence within the guideline range.

10. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including any uncharged conduct.

### Forfeiture

11. The Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture may include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. Specifically, the Court will order the forfeiture of all property involved in the offense, including but not limited to the following: **a money judgment in an amount to be determined by the Court.**

12. The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Assisting the Government with Regard to the Forfeiture

13. The Defendant agrees to assist fully in the forfeiture of the foregoing assets. The Defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant also agrees to give this Office permission to

request and review his federal and state income tax returns, and any credit reports maintained by any consumer credit reporting entity, until such time as the money judgment is satisfied. In this regard, the Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) as well as whatever disclosure form may be required by any credit reporting entity.

### Waiver of Further Review of Forfeiture

14. The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Restitution

15. The Defendant agrees to the entry of **a Restitution Order for the full amount of the victims' losses, as determined by the Court**. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Collection of Financial Obligations

16. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

17. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

18. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

### Waiver of Appeal

19. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it **exceeds 71 months' imprisonment**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is **below 57 months' imprisonment**.

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

20. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in

7

violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

Court Not a Party

21. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

22. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Leo J. Wise
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

9/5/14
Date

_____
Richard Wright

I am Richard Wright's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

9/5/14
Date

_____
C. Justin Brown, Esq.

## ATTACHMENT A
## STATEMENT OF FACTS

It is agreed and stipulated that were the Government to proceed to trial in this case, it would prove, beyond a reasonable doubt, by admissible testimonial and documentary evidence the guilt of the Defendant on the charges of bribery, in violation of 18 U.S.C. § 201.

The Defendant agrees to the truth of the summary of evidence set forth below and acknowledges that it does not represent all the evidence the Government would have produced had the case proceeded to trial.

1. Richard Lewis Wright III ("Wright") was the Station Manager of the United States Postal Service's Waverly Station at 3000 Homewood Avenue, Baltimore, MD 21218 (the "Waverly Post Office"), and had been since January 2007. Wright is also the owner of a commercial cleaning company called Wright Way Cleaning.

2. Wright took bribes from three individuals, G.M., S.A. and L.S. by inflating invoices for maintenance work allegedly performed at Waverly Post Office, approving those false invoices for payment to the USPS, and then splitting the proceeds with the purported providers of the services.

3. G.M. operates a landscaping company called M. Landscaping Services.

4. S.A. operates a landscaping company called Youthful Minds Lawn Care.

5. L.S. operates Keep U Clean Janitorial Service LLC ("Keep U Clean"), a commercial cleaning service.

6. From 2007 until July 2013, G.M. and Wright engaged in a bribery and fraud scheme wherein G.M. and Wright worked together to submit false and inflated invoices to the USPS for landscaping and snow removal services. Wright created the invoices for M. Landscaping Services. Wright would then submit the invoices for payment to the USPS, knowing that some (or more often, all) of the work had not been performed. After Wright submitted the false invoices for payment, Wright monitored USPS databases to determine when a USPS check was issued to G.M. and when the check was cashed by G.M.'s bank. Wright then routinely contacted G.M. via text message and telephone and directed G.M. to pay Wright his share of the proceeds.

7. In 2010, in response to a request from K.P., the Station Manager of the United States Postal Service's Pikesville Station located at 3703 Old Court Road, Pikesville, MD, Wright recommended G.M. to K.P. for landscaping work at the Pikesville Post Office. Thereafter, G.M. began bribing K.P. in a manner similar to the manner he bribed Wright, as Wright later learned.

8. In July 2013, Wright and K.P. began soliciting bribes from S.A. in a manner similar to the one in which they had solicited and received bribes from G.M. In the months prior to July 2013, Wright and K.P. had become increasingly frustrated with G.M.'s slow payment of bribes and Wright and K.P. recruited S.A. to take G.M.'s place in the bribery scheme.

9. In August 2010, Wright began soliciting and receiving bribes from L.S. in a manner similar to the way in which he solicited and received bribes from G.M. and S.A. L.S. received USPS payments (approved by Wright for services allegedly provided at Wright's Post Office), deposited the USPS checks into her account and issued checks to Wright Way Cleaning that were endorsed by Wright.

10. The following table summarizes the invoices Wright submitted in exchange for bribes.

| COMPANY | AMOUNT INVOICED |
| --- | --- |
| M. Landscaping Services | $473,940 |
| Keep U Clean | $99,926 |
| Youthful Minds | $17,925 |
| **TOTAL** | **$591,791** |

11. Wright solicited and received bribes from G.M., S.A. and L.S. with the corrupt intent to be influenced in the performance of an official act and to commit a fraud on the United States or to perform acts in violation of his lawful duty.